*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HAMILTON, Minors.

UNPUBLISHED
March 11, 2026
11:32 AM

No. 376743
Genesee Circuit Court
Family Division
LC No. 23-139158-NA

Before: KOROBKIN, P.J., and YATES and FEENEY, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court order that terminated her parental rights to her two minor daughters under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist) and MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned to parent). On appeal, respondent argues that the trial court erred in finding that the Department of Health and Human Services (DHHS) made reasonable efforts to avoid termination, that there were statutory grounds to terminate her parental rights, and that termination was in the children's best interests. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND AND FACTS

DHHS alleged that respondent neglected and improperly supervised her oldest daughter. Another child in the home reported that the daughters' father committed domestic violence against respondent while she was still pregnant with the youngest daughter. The youngest daughter was born shortly after the initial petition, and she tested positive for multiple illegal substances and experienced symptoms of drug withdrawal. Respondent admitted using methamphetamine, cocaine, and marijuana during her pregnancy. DHHS removed the children from respondent's care in June 2023 and placed them with family members. In January 2024, respondent entered a no-contest plea and the trial court assumed jurisdiction over the children.

After respondent stopped completing required drug screens in April 2024, DHHS separately drug-screened respondent prior to parenting time in May through July 2024, which confirmed that respondent was under the influence of drugs during some of her supervised parenting times. Although respondent did participate inconsistently in her mental health

-1-

treatments, her therapist eventually recommended that respondent complete an inpatient substance abuse program because the therapist could not help respondent until she worked on her substance abuse issues. This accorded with respondent's substance abuse assessment's recommendation that she undergo extensive inpatient treatment. DHHS provided respondent a list of potential inpatient treatment facilities. In addition, although respondent participated in a three-day detox program during the proceedings, she was terminated from later outpatient treatment in April 2025 for nonparticipation. More specifically, respondent completed the outpatient treatment program intake, but then never used any of the services or screens available. Further, respondent did not complete any of the three parenting class programs she attempted, and she tested positive for multiple substances including tetrahydrocannabinol (THC), methamphetamine, amphetamine, oxycodone, and buprenorphine.

DHHS filed a petition to terminate respondent's parental rights in February 2025. At respondent's termination trial in July 2025, the trial court found that DHHS had made reasonable efforts to provide respondent with services to address her substance abuse issues but that respondent failed to benefit from the services that DHHS provided. These included a substance abuse assessment, drug screens, parenting classes, domestic violence treatment, and mental health services. The trial court found that clear and convincing evidence supported the termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*) and MCL 712A.19b(3)(j) and found by a preponderance of the evidence that doing so was in the children's best interests. An order terminating respondent's parental rights to the children was therefore entered, and respondent now appeals.

## II. STANDARD OF REVIEW

"This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests." *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020) (quotation marks and citation omitted). Additionally, "we review for clear error the trial court's factual finding that petitioner made reasonable efforts to reunify respondents with the child." *In re Atchley*, 341 Mich App 332, 338; 990 NW2d 685 (2022), citing *In re Smith*, 324 Mich App 28, 43; 919 NW2d 427 (2018). A "[c]lear error exists when some evidence supports a finding, but a review of the entire record leaves the reviewing court with the definite and firm conviction that the lower court made a mistake." *In re Baham*, 331 Mich App 737, 751; 954 NW2d 529 (2020) (quotation marks and citation omitted). We must give regard "to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Mota*, 334 Mich App at 320 (quotation marks and citation omitted).

## III. ANALYSIS

## A. REASONABLE EFFORTS

On appeal, respondent argues that DHHS failed to make reasonable efforts to avoid the termination of her parental rights because it did not refer her to services that could treat her bipolar disorder. We disagree.

-2-

Absent certain aggravating circumstances that are not present in this case, DHHS has a statutory duty to make "[r]easonable efforts to reunify the child[ren] and family . . . ." See MCL 712A.19a(2). This duty requires DHHS to "create a service plan outlining the steps that both it and the parent will take to rectify the issues that led to court involvement and to achieve reunification." *In re Hicks/Brown*, 500 Mich 79, 85-86; 893 NW2d 637 (2017), citing MCL 712.18f(3)(d). DHHS must also fulfill "its duty under the [Americans with Disabilities Act, 42 USC 12101 *et seq*.,] to reasonably accommodate a disability" by making "reasonable modifications to the services or programs offered to a disabled parent." *In re Hicks/Brown*, 500 Mich at 86. In addition to DHHS's "responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). In other words, "a respondent-parent must both participate in services and 'demonstrate that they sufficiently benefited from the services provided.' " *In re Atchley*, 341 Mich App at 339, quoting *In re Frey*, 297 Mich App at 248.

Respondent was diagnosed with an "unspecified bipolar related disorder" in November 2023. Neither respondent nor her attorney objected that the services DHHS provided inadequately treated this disorder until respondent's termination trial in July 2025.[1] Although the trial court noted its concern that DHHS did not consider this diagnosis, it emphasized the many services that DHHS provided, including mental health treatment. Respondent's service plan required her to participate in mental health services and she did engage, albeit inconsistently, in therapy that provided mental health treatment. Respondent only stopped receiving mental health treatment through therapy once her therapist concluded that she could not help respondent further until respondent resolved her substance abuse issues and recommended that respondent complete an inpatient treatment program, which respondent did not do.

When challenging services offered by DHHS, "a respondent must establish that he or she would have fared better if other services had been offered." *In re Sanborn*, 337 Mich App 252, 264; 976 NW2d 44 (2021), citing *In re Fried*, 266 Mich App 535, 542-543; 702 NW2d 192 (2005). DHHS provided respondent services to treat both her substance abuse and mental health issues, and mental health treatment only ceased once respondent's therapist concluded that respondent's substance abuse issues had to be rectified before progress could be made with respondent's mental

---

[1] We have "stated that a parent challenging the adequacy of an accommodation must raise an objection 'either when a service plan is adopted or soon afterward.' " *In re Atchley*, 341 Mich App at 336, quoting *In re Terry*, 240 Mich App 14, 26; 610 NW2d 563 (2000). We have since clarified, however, that an objection to a service plan may be timely if raised in later proceedings given that "[c]hild protective proceedings constitute a single continuous proceeding that begins with a petition and continues until either reunification of the family occurs or the court terminates the respondent's parental rights[.]" *In re Atchley*, 341 Mich App at 337, citing *In re Ferranti*, 504 Mich 1, 23; 934 NW2d 610 (2019). Although respondent did not challenge her provided service plan as inadequate to address her disorder until her termination trial, we conclude that this objection was sufficient to "indicate that the services provided to [her] were somehow inadequate." *In re Atchley*, 341 Mich App at 337 (quotation marks omitted), quoting *In re Frey*, 297 Mich App at 247. Her argument therefore has been preserved for appellate review.

-3-

health issues. On appeal, respondent fails to identify how the mental health services DHHS provided were deficient to treat her disorder, particularly in light of the obstacle her substance abuse issues posed to her mental health treatment more generally. "Without an identification of services to accommodate mother's . . . disability, we are left to speculate what other services the DHHS *could* have offered." *In re Sanborn*, 337 Mich App at 266. See also *In re Fried*, 266 Mich App at 542 (finding no clear error in trial court's reasonable efforts determination when DHHS provided respondent a psychological evaluation but did not refer him to counseling because his "evaluation indicated that counseling would not be productive until his drug addiction was addressed").

Respondent participated in and benefited from some of the services DHHS provided but ultimately failed to demonstrate substantial compliance with or benefit from the services targeted toward the key reason for the court's involvement: substance abuse issues. Because respondent has not identified how the services provided were insufficient to address her disorder nor has she shown that she sufficiently benefited from the provided services, we conclude that the trial court did not clearly err in determining that DHHS made reasonable efforts under MCL 712A.19a(2) to avoid the termination of respondent's parental rights. See *In re Sanborn*, 337 Mich App at 267-268 (holding that the trial court did not err in finding that DHHS made reasonable efforts when the respondent made only a "blanket denial that the services offered were sufficient in light of her intellectual disability, without identifying any services that would have been appropriate in light of such disability or how the services that were offered were deficient"); *In re Frey*, 297 Mich App at 248 (holding that the trial court did not clearly err when respondents completed some requirements of their treatment plans, but "failed to demonstrate sufficient compliance with or benefit from those services specifically targeted to address the primary basis for the adjudication . . . —their historical problems with alcohol and substance abuse").

## B. STATUTORY GROUNDS

Respondent next argues that the trial court clearly erred in finding that there were statutory grounds for termination. We disagree.

A trial court "may terminate a respondent's parental rights if one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing evidence." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). Termination under MCL 712A.19b(3)(c)(*i*) is appropriate if, after "182 or more days have elapsed since the issuance of an initial dispositional order," the trial court finds by clear and convincing evidence that "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age."

The trial court issued its first dispositional order on January 17, 2024 and terminated respondent's parental rights to the children on July 2, 2025. The time between these dates exceeds 182 days and, therefore, satisfies the first requirement of MCL 712A.19b(3)(c)(*i*). See *In re Sanborn*, 337 Mich App at 273.

The conditions that led to adjudication were domestic violence and substance abuse. The domestic violence issue was resolved but, as the trial court heavily emphasized, respondent made minimal progress in addressing her substance abuse issues. Respondent was provided a substance

abuse assessment, random drug screens, and a list of potential inpatient treatment facilities following the recommendation from her substance abuse assessment that she undergo extensive inpatient treatment. But respondent consistently tested positive for multiple substances including THC, methamphetamine, amphetamine, oxycodone, and buprenorphine, and she stopped participating in random drug screens in April 2024. Respondent also repeatedly tested positive for various substances on the drug screens performed by DHHS before supervised parenting time from May through July 2024. She additionally failed to complete the extensive inpatient substance abuse treatment that she was recommended, and she was terminated from outpatient treatment for nonparticipation.[2] The record thus supports the trial court's determination that respondent did not make the necessary progress in addressing her substance abuse issues. See *In re Atchley*, 341 Mich App at 345 (holding that respondent's substance abuse issues continued to exist when there was "no progress . . . made after more than a year of services"); *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009) (finding that the conditions that led to the adjudication continued to exist when respondent "had not accomplished any meaningful change in the conditions existing by the time of the adjudication").

Nor did the trial court clearly err in finding that respondent's substance abuse issues could not be fixed within a reasonable time considering the children's ages. Although respondent argues that she can rectify her substance abuse issues "with more time and additional services," "this neglects that 'there is no reasonable likelihood she will do so *within a reasonable time given the age[s] of the child[ren].*" *In re Sanborn*, 337 Mich App at 274, quoting *In re JK*, 468 Mich 202, 211; 661 NW2d 216 (2003). At the time of adjudication,[3] respondent's children had already been removed from respondent's care and respondent had made little progress in rectifying her substance abuse problems despite receiving over one year of services. We therefore conclude that the trial court did not clearly err in finding that respondent's substance abuse issues would not subside within a reasonable time considering the ages of her children. See *In re Williams*, 286 Mich App at 272-273 (concluding that, even though the mother was participating in residential substance abuse treatment, there was no reasonable likelihood that she could rectify her substance abuse issues within a reasonable time because "the two years [the child] already had spent in foster

---

[2] Respondent contends that the trial court disregarded her efforts to seek treatment. This argument is belied by the court's documented consideration of respondent's treatment in deciding to terminate her parental rights, and regardless it fails to recognize that she must demonstrate sufficient benefit from the services she was provided. See *In re Sanborn*, 337 Mich App at 275 ("Mother repeatedly directs us to her consistent participation in services, but she fails to realize that she must 'demonstrate that [she] sufficiently benefited from the services provided,' of which there was insufficient evidence") (alteration in original), quoting *In re Frey*, 297 Mich App at 248.

[3] HH was born in 2021. MH was born in June 2023 and tested positive for hydrocodone, hydromorphone, amphetamines, methamphetamines, cocaine and marijuana. When HH was less than two and MH was a week old, DHHS filed its initial petition. The court took jurisdiction over the children in January 2024 but both children were removed from respondent's care prior to the adjudication. The termination hearing occurred in July 2025—two years after the initial petition was filed.

care, her entire life, constituted too long a period to await the mere possibility of a radical change in respondent mother's life").

Given respondent's lack of progress in remedying her substance abuse issues, we are not left with a definite and firm conviction that the trial court made a mistake. See *In re Baham*, 331 Mich App at 751. Therefore, we find no clear error in the trial court's determination that grounds for terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*) were established by clear and convincing evidence.[4]

## C. BEST INTERESTS

Respondent lastly argues that the trial court clearly erred in finding that it was in the children's best interests to terminate her parental rights. We again find no clear error in this determination.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App at 40, citing MCL 712A.19b(5) and MCR 3.977(E)(4). "Although statutory grounds must be established by clear and convincing evidence, the question of 'whether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence.' " *In re DMAN*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 364518); slip op at 5, quoting *In re Moss*, 301 Mich App 76, 80, 90; 836 NW2d 182 (2013).

"When determining whether termination is in the best interests of the child, the court should place its focus on the child rather than the parent." *In re CJM*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367565); slip op at 4 (quotation marks and citation omitted). Trial courts should weigh all available evidence to determine what is in a child's best interests. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014) (citation omitted). In doing so, courts may consider factors such as

> [t]he child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home . . . . The trial court may also consider the child's age, inappropriate parenting techniques, and continued involvement in domestic violence. It may further consider visitation history, the parent's engaging in questionable relationships, the parent's compliance with treatment plans, the child's well-being

---

[4] Because we conclude that there was no clear error in finding statutory grounds to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), we need not address whether termination was also warranted under MCL 712A.19b(3)(j). See *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011) ("Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights[.]"), citing *In re Powers Minors*, 244 Mich App 111, 118; 624 NW2d 472 (2000). See also *In re Atchley*, 341 Mich App at 346 n 6.

in care, and the possibility of adoption. [*In re Sanborn*, 337 Mich App at 276-277 (quotation marks and citations omitted).]

In addition, a trial court is required to consider a child's placement with relatives. *In re Atchley*, 341 Mich App at 347, quoting *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). "Placement with a relative weighs against termination, but that fact is not dispositive given that a trial court 'may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests[.]' " *In re Atchley*, 341 Mich App at 347, quoting *In re Olive/Metts*, 297 Mich App at 43.

The trial court did not clearly err in concluding that termination was in the children's best interests. The court properly noted that respondent's bond with the children, see *In re White*, 303 Mich App at 714, and the children's placement with relatives, see *In re Atchley*, 341 Mich App at 347, both weighed against terminating respondent's parental rights. Out of compliance with her service plan, however, respondent failed to submit to required drug screens and she did not complete her parenting classes. Respondent also did not undergo extensive inpatient substance abuse treatment despite the recommendation from her substance abuse assessment. Further, respondent repeatedly tested positive for various substances on the days of her supervised parenting visits. And although the children were moved between a few family placements during the pendency of this case, the caseworker believed that the children still had a "sense of permanency" because they were always placed in family care. The caseworker's testimony supported the trial court's finding that the children had a bond with the great aunt they were placed with at the time of the termination trial. Moreover, the caseworker testified that the great aunt was willing to adopt the children, which would provide the permanence the trial court emphasized that the children needed. See *In re Gonzales/Martinez*, 310 Mich App at 435; *In re Atchley*, 341 Mich App at 347. Given the many factors supporting termination, see *In re Sanborn*, 337 Mich App at 276-277, the trial court did not clearly err in finding by a preponderance of the evidence that terminating respondent's parental rights was in the children's best interests.

Respondent contends that the trial court erred by choosing termination over a guardianship because she claims that a guardianship would have still provided the permanence the children needed. "Under appropriate conditions, a trial court may forego termination and instead place a child in a guardianship." *In re Lombard*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367714); slip op at 6, citing MCL 712.19A(8) and (9). However, "[a] trial court is not required to establish a guardianship in lieu of termination if it is not in the child's best interests to do so." *In re Lombard*, ___ Mich App at ___; slip op at 6, citing MCL 712A.19a(9)(c). Although the trial court considered the possibility of a guardianship, it ultimately decided to terminate respondent's parental rights upon consideration of the children's need for permanency, respondent's lengthy struggle with substance abuse, the children's ages, and the children's bond with their relatives. The trial court did not clearly err in doing so. "Unlike termination of parental rights, the appointment of a guardian for a juvenile is not necessarily permanent." *In re TK*, 306 Mich App 698, 705; 859 NW2d 208 (2014). Guardianships are subject to annual court reviews and to petitions for hearings on whether they should be revoked, and guardians and parents may petition the court for permission to terminate guardianships. *Id.* (citations omitted). Further, a "parent is still under many circumstances permitted to maintain a relationship with the child" in a guardianship. *Id.* Considering the children's young age and placement apart from respondent for most of their lives, respondent's persistent substance abuse issues, and the children's "sense of

permanency" in their familial placements and bond with relatives, the trial court did not clearly err in finding that the more permanent solution of terminating respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Daniel S. Korobkin
/s/ Christopher P. Yates
/s/ Kathleen A. Feeney